UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE HERSEY, et al., | No. 2:24-cv-01736-DC-SCR |
| Plaintiffs, | |
| v. | ORDER GRANTING THE MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF BONNIE HERSEY |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | (Doc. Nos. 36, 40) |

This matter is before the court on the motion to withdraw as Plaintiff Bonnie Hersey's counsel of record filed by attorney Jorge Ledezma Flores on January 7, 2026.[1] (Doc. No. 36.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for February 20, 2025, and the court will deny as moot the parties' motion requesting leave to appear remotely at that hearing. For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

---

[1] The pending motion is limited to Plaintiff Bonnie Hersey. Attorney Ledezma does not seek to withdraw as counsel of record for the other two plaintiffs. (*See* Doc. No. 36 at 4.)

1

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if:

> (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
>
> (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
>
> (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
>
> (4) the client discharges the lawyer.

Cal. R. Prof. Conduct 1.16(a) (emphasis added).

In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). Those permissive grounds include the following:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
>
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
>
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;

2

(5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

(6) the client knowingly and freely assents to termination of the representation;

(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).

For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

For both mandatory and permissive withdrawals, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

**ANALYSIS**

Here, Attorney Ledezma moves to withdraw as counsel for Plaintiff Bonnie Hersey in this action because "there has been an irreparable breakdown in the attorney-client relationship arising

3

from fundamental disagreements regarding the direction of this case and counsel's handling of the representation." (Doc. No. 36 at 3.) Attorney Ledezma asserts that good cause exists to grant his withdrawal because "the breakdown has impaired the ability to maintain effective communication and to continue to represent [Plaintiff Hersey] in a manner consistent with counsel's professional obligations." (*Id.*) The pending motion thus seeks permissive withdrawal based on California Rule of Professional Conduct 1.16(b). (*Id*. at 2–5.)

As for the prejudice withdrawal may cause to other parties, the court notes that Defendants did not file an opposition to the pending motion for withdrawal, nor otherwise express concerns regarding prejudice or delay.

As for the delay that may be caused by permitting withdrawal, the court notes that this case is still in the early stages of litigation; while some Defendants have filed an answer, another has a pending motion to dismiss. Thus, granting the pending motion and providing time for Plaintiff Hersey to obtain new counsel to represent her in this case will not cause significant delay in resolving this case.

Further, Attorney Ledezma represents that he has taken reasonable steps to avoid reasonably foreseeable prejudice, and he gave Plaintiff Hersey ample notice of his intention to file this motion. *See* Cal. R. Prof. Conduct 1.16(d). Plaintiff Hersey has indicated to Attorney Ledezma that she intends to retain new counsel. (Doc. No. 36 at 4.)

Attorney Ledezma also provided the court with Plaintiff Hersey's last known mailing address and email address, as required by Local Rule 182. (Doc. No. 36-1 at ¶ 6.)

Having considered the motion and Attorney Ledezma's representations, the court finds that the permissive withdrawal sought by counsel is appropriate under Rule 1.16(b).

Thus, the pending motion to withdrawal as counsel for Plaintiff Hersey will be granted. Plaintiff Hersey will be provided thirty (30) days to obtain new counsel to represent her in this action or to inform the court of her intention to proceed *pro se* in this case.

/////

/////

/////

4

**CONCLUSION**

For the reasons set forth above:

1.    The motion to withdraw as counsel for Plaintiff Bonnie Hersey (Doc. No. 36) is GRANTED;

2.    The hearing set for February 20, 2026 is VACATED;

3.    The parties' administrative motion requesting leave to appear at the motion hearing remotely (Doc. No. 40) is DENIED as having been rendered moot by this order;

4.    The Clerk of the Court is directed to terminate Jorge Ledezma Flores as the counsel of record for Plaintiff Bonnie Hersey only;

5.    Attorney Ledezma shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees, if any;

6.    Within thirty (30) days from the date of entry of this order, Plaintiff Bonnie Hersey shall file either: (i) a notice of appearance by new counsel obtained to represent her in this action, or (ii) a notice informing the court that she will continue prosecuting this action *pro se*;

7.    Plaintiff Bonnie Hersey is cautioned that her failure to comply with this order may result in the court dismissing this action due to her failure to prosecute and failure to comply with the court's order;

8.    Plaintiff Bonnie Hersey is substituted in *pro se* and is directed to comply with all future hearing dates and the rules of the court;

9.    The Clerk of the Court is directed to enter the following contact information as Plaintiff's address of record;

> Bonnie Hersey
> 3827 S. Carson Street, Apt. 43
> Carson City, Nevada 89701
> timothyroywilliamnoble@yahoo.com

5

10.    The Clerk of the Court is directed to serve this order on Plaintiff Bonnie Hersey by mail and by email.

IT IS SO ORDERED.

Dated:    **February 9, 2026**

Dena Coggins
United States District Judge

6